**NOT FOR PUBLICATION**

JAN 06 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OMAR BONILLA-BANEGAS, AKA Omar Marcio Bonilla-Banega,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 12-70661<br><br>Agency No. A088-923-340<br><br>MEMORANDUM[*] |

On Petition for review of an Order of the Board of Immigration Appeals

Argued and Submitted December 7, 2015
Pasadena, California

Before: GOULD and BERZON, Circuit Judges, and STEEH,[**] Senior District Judge.

Petitioner Omar Bonilla-Banegas petitions for review of the Board of

Immigration Appeals' ("BIA") denial of withholding of removal. For the reasons set

forth below, we deny the petition.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable George Caram Steeh III, Senior District Judge for the U.S. District Court for the Eastern District of Michigan, sitting by designation.

Petitioner failed to show by a clear probability that he would be persecuted upon removal on the basis of his status as a former police officer (which is what he is now), or based on his political opinion for resisting police corruption. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014).

1. Petitioner failed to show a nexus between his alleged refusal to accept bribes and the assaults he suffered, which were as likely to have occurred because of his membership in police special operations generally. Petitioner claims the two attacks against him while he was an officer were reprisals for his refusal to be corrupted, but admits he does not know who the attackers were. There is no evidence linking those who tried to bribe him to the failed attacks on his life. As the BIA noted, it is just as likely that members of organized crime, gangs, or others shot at him merely because he was a police officer carrying out his duties. Given his membership in the elite COBRAS unit, Petitioner testified, he had dangerous interactions with gang members and other criminals on a daily basis and routinely participated in missions that involved gunfights. He has presented no evidence that he was shot because he refused to engage in corrupt activities or that he would be persecuted if he returns to Honduras.

2. Petitioner testified that he was threatened in an attempt to force him to resign, which strongly suggests that as a retired officer he would no longer be under threat. He has not otherwise shown that he faced persecution based on his status as a former officer. Despite leaving his young daughter, six brothers, two sisters, and his parents in

2

Honduras when he left the police force and came to the United States, there is no evidence that any of his family members received inquiries as to how to locate him, or that they were harmed or threatened in any way. Petitioner did not testify that any other member of his elite COBRA unit was threatened or killed. The facts in this case are thus markedly different from those presented in *Madrigal v. Holder*, 716 F.3d 499 (9th Cir. 2013). There, Madrigal, a former member of the Mexican military, relied on three post-military incidents to establish past persecution: "the attempts of unknown individuals to find him after he relocated, the drive-by shooting and the anonymous threatening note" to his family. *Id.* at 504. This court held that if Madrigal could establish that the Los Zetas drug cartel was responsible for the post-military incidents, that would be sufficient to constitute past persecution. *Id.* at 504-05. Here, there is no evidence that Petitioner will be persecuted as a former police officer.

3. Because Petitioner has not shown by a clear probability that he will be persecuted if removed to Honduras because of his status as a former officer, or based on his political opinion, we need not address the issue of whether the Honduran government is unable or unwilling to protect him.

**PETITION FOR REVIEW DENIED.**